[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2006
THOMAS K. KAHN
CLERK

No. 06-12136
Non-Argument Calendar
_____

D. C. Docket No. 05-00007-CV-GET-1

R. J. KOLENCIK, Individually and as Administrator
of the Estate of Melissa Kolencik,

Plaintiff-Appellant,

versus

THE STRATFORD INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 28, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

R. J. Kolencik appeals the district court's grant of summary judgment in favor of the Stratford Insurance Company (Stratford). Kolencik's wife was killed in an accident involving two commercial dump trucks owned and operated by Jerry Yarbrough, d/b/a J&J Trucking and Excavation, and Kolencik obtained a judgment in state court against Yarbrough. In this action, Kolencik seeks to recover on the judgment against Stratford, Yarbrough's insurance carrier. The district court granted summary judgment for Stratford because AI Credit Corporation (AI), the company through which Yarbrough financed his insurance premiums, cancelled Yarbrough's insurance policy five months prior to the accident. We affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *See Arrington v. Cobb County*, 139 F.3d. 865, 871 (11th Cir. 1998). "Summary judgment is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*

Although Kolencik concedes Yarbrough's policy was cancelled, he argues the cancellation was legally ineffective for two reasons. He first contends Stratford violated Georgia Public Service Commission (PSC) rules by failing to notify the state of the cancellation. In Georgia, a motor carrier for hire must

register with the state and obtain a permit before being allowed to operate commercially. *Id.* § 46-7-3. Before the state will issue a permit, a certificate of insurance must be on file. *Id.* § 46-7-12(2). "The insurer shall file such certificate." *Id.* Under PSC rules, "[c]ertificates of insurance evidencing coverage shall be continuous and shall not be canceled or withdrawn until after thirty (30) days' notice in writing by the insurance company . . . has first been given to the [PSC]." Transp. Rule of Ga. PSC, Rule 7-2.6(b). Accordingly, when a certificate of insurance is on file and the policy lapses, the policy remains in effect for the benefit of the public until the state is notified of the cancellation. *Progressive Preferred Ins. Co. v. Ramirez*, 588 S.E.2d 751, 753-54 (Ga. 2003) (answering certified question from this Court).

Because Stratford never notified the PSC of the cancellation of Yarbrough's policy, Kolencik contends it was in effect at the time of the accident. He points to O.C.G.A. § 46-7-12(a), which provides "[t]he failure to file any form required by the [PSC] shall not diminish the rights of any person to pursue an action directly against a motor carrier's insurer." It is undisputed, however, that Yarbrough never registered with the state, and Stratford was aware of this fact when it issued Yarbrough's policy. It is also undisputed that the state will only accept insurance-related filings on behalf of registered motor carriers. Thus, had Stratford

3

attempted to file a certificate of insurance on Yarbrough's behalf, it would have been rejected and returned to Stratford. Likewise, had Stratford attempted to file a notice of cancellation with the state, it would have been rejected and returned. Stratford thus cannot be held liable for its failure to file a notice of cancellation. Furthermore, Rule 7-2.6(b) plainly says "certificates of insurance" shall not be canceled unless notice is given to the state; here, no certificate of insurance was or could have been filed, so no such certificate existed to be cancelled. We agree with the district court that the law cannot require an impossible act and, accordingly, reject Kolencik's first argument.

Kolencik next argues Stratford could not rely on AI's notice of cancellation because it was legally ineffective under Georgia's premium finance statute, O.C.G.A. § 33-22-13(b). Where, as here, a premium finance company cancels an insurance policy pursuant to a power of attorney, the company must adhere to the requirements of Georgia's premium finance statute. The statute provides "[n]ot less than ten days' written notice shall be delivered to the insured . . . of the intent of the premium finance company to cancel the insurance contract unless the default is cured within such ten-day period. A copy of said notice shall also be sent to the insurance agent . . . ." O.C.G.A. § 33-22-13(b). After expiration of the ten-day period, the premium finance company may, in the name of the insured,

4

cancel the insurance contract by mailing to the insurer a notice of cancellation. *Id.* § 33-22-13(c)(1). The receipt of the notice of cancellation by the insurer creates a "conclusive presumption" that the premium finance company has fully complied with the statute, that the insurer is entitled to rely on such presumption, and that the cancellation of the insurance contract is authorized by the insured. *Id.* § 33-22-13(c)(2).

Stratford received AI's notice of cancellation on March 26, 2005, creating a conclusive presumption that AI had fully complied with the premium finance statute's requirements. Thus, regardless of whether Yarbrough was in default at the time Stratford received the notice, the premium finance statute insulates Stratford from liability. *See id.* ("No liability of any nature whatsoever shall be imposed upon the insurer as a result of the failure . . . of the insurance premium finance company to comply with any of the requirements of this Code section."). Further, Kolencik's reliance on O.C.G.A. § 33-22-13(d) is misplaced. The section provides "[a]ll statutory, regulatory, and contractual restrictions providing that the insurance contract may not be canceled unless notice is given to a governmental agency . . . shall apply where cancellation is effected under this Code section." As explained above, it would have been futile for Stratford to attempt to file a notice of cancellation with the state because Yarbrough was unregistered and, therefore,

the state would have rejected any insurance-related filings on his behalf. We accordingly affirm the district court's decision.

**AFFIRMED**.